UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

AUG 2 5 2021

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:21CR476 AGF/SRW |
| CRYSTAL HENDRIX, | ) |
| Defendant. | ) |

## INDICTMENT

The Grand Jury charges that:

### INTRODUCTION

1. The defendant, Crystal Hendrix ("HENDRIX"), was a staff member at Result Realty, LLC, DBA Re/Max Results / Referral Solutions ("Re/Max").

2. Re/Max is a real estate company that has its headquarters located in St. Louis, Missouri, in the Eastern District of Missouri.

3. Between approximately September of 2017, through December of 2020, the defendant was employed at Re/Max. In such capacity, HENDRIX performed payroll functions, among other duties.

4. As part of her payroll function, HENDRIX had access to Re/Max's bank account information.

5. As part of her payroll function, HENDRIX completed automated clearing house ("ACH") payments to transfer commission payments to real estate agents.

6. At all times relevant to this Indictment, HENDRIX collectively maintained two

bank accounts with Commerce Bank ending in #0862 and #2833 ("the Commerce Accounts").

7.  At all times relevant to this Indictment, HENDRIX collectively maintained two personal bank accounts with Green Dot Bank ending in #0682 and #2522 ("the Green Dot Accounts").

8.  At all times relevant to this Indictment, Re/Max maintained a bank account with Carollton Bank ending in #1389.

9.  At all times relevant to this Indictment, Commerce Bank, Green Dot Bank, and Carollton Bank were financial institutions within the meaning of Title 18, United States Code, Section 20, because they are financial institutions insured by the Federal Deposit Insurance Corporation.

10.  At all times relevant to this Indictment, payments from Re/Max to Commerce and Green Dot by the defendant were completed by means of interstate wire transfer.

## THE SCHEME

11.  Beginning on or about January 8, 2018, to on or about December 9, 2020, HENDRIX knowingly and intentionally devised and executed a scheme and artifice to defraud, and obtain money and property from Re/Max, by means of material false and fraudulent pretenses, representations and promises in that HENDRIX, without the knowledge or authorization of Re/Max, transferred agent commission payments into her own personal bank accounts.

## MANNER AND MEANS

It was part of the scheme that:

12.  On or about January 8, 2018, HENDRIX, fraudulently and without permission, caused an ACH payment from Re/Max's Carollton Bank account with ending in #1389 to her

2

Commerce bank account ending in #2552. HENDRIX was not authorized to make this ACH payment, which was previously established for commission payment purposes only.

13. Between January 8, 2018, to on or about December 9, 2020, HENDRIX fraudulently caused over 140 ACH payments totaling approximately $494,983.12 to be sent to her personal bank accounts.

14. It was part of the scheme that defendant HENDRIX knowingly used the funds transferred to her bank accounts to fund her personal purchases, including restaurants and payments for the purchase of a vehicle.

15. Defendant HENDRIX, in order to avoid detection, used the names of actual real estate agents as the person receiving the funds on the ACH transfer:

    a. On January 8, 2018, defendant HENDRIX caused an ACH payment to be made in the amount of $312.50 to her bank account ending in #2552 in the name of an actual real estate agent.

    b. On April 2, 2019, defendant HENDRIX caused an ACH payment to be made in the amount of $1833.55 to her bank account ending in #0682 in the name of an actual real estate agent.

    c. On August 5, 2020, defendant HENDRIX caused an ACH payment to be made in the amount of $7,643.90 to her bank account ending in #2833 in the name of an actual real estate agent.

## COUNTS I-III
### (Wire Fraud)

14. Each of the allegations of Paragraphs 1 through 13 of this Indictment is hereby incorporated by reference as if fully set forth herein.

15. On or about each of the dates set forth below, in the Eastern District of Missouri, the defendant,

### CRYSTAL HENDRIX

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | WIRE TRANSACTION |
|---|---|---|
| I | January 8, 2018 | $312.50 for a wire transfer made from Carollton Bank Account #1389 to Green Dot bank account #2552 |
| II | April 2, 2019 | $1833.55 for a wire transfer made from Carollton Bank Account #1389 to Green Dot bank account #0682 |
| III | August 5, 2020 | $7,643.90 for a wire transfer made from Carollton Bank Account #1389 to Commerce bank account #2833 |

All in violation of Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Count(s) 1-3, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such

violations.

    2.    Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violations, the amount of which is at least $494,983.12.

    3.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
Edward L. Dowd III, #61909(MO)
Assistant United States Attorney

5